IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION


NATHAN HARRIS.                         §
                                       §
            Plaintiff,                 §
                                       §
v.                                     §        CIVIL ACTION NO. H-10-2140
                                       §
OCCIDENTAL PETROLEUM SERVICES,         §
INC., D/B/A OXY, INC.,                 §
                                       §
            Defendant.                 §


## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the court is the Motion of defendant, Occidental Petroleum Services, Inc., D/B/A Oxy, Inc., to Dismiss Defendant's Notice of Removal (Docket Entry No. 2). Having carefully considered the motion, Plaintiff's Opposition (Docket Entry No. 4), and Defendant's Reply (Docket Entry No. 5) the court is persuaded that the motion should be granted.

Defendant filed its notice of removal in this court at approximately 4:19 P.M. on Thursday, June 17, 2010. After filing its notice of removal defendant learned that earlier that day the state court had entered an order granting defendant's motion for summary judgment. Defendant then decided not to file its notice of removal with the state court. Defendant now argues that the filing of the notice of removal with the state court was a prerequisite to complete removal. Since defendant has not completed the removal

process, it now requests that the court dismiss its notice of removal and dismiss this action. Plaintiff does not dispute the facts cited by defendant but argues that defendant's removal voided the earlier state court judgment in favor of defendant. Plaintiff also argues that the mere filing of the notice of removal conferred jurisdiction on this court and divested the state court of jurisdiction.

The effect of filing of defendant's notice of removal in this court on the previously entered state court judgment is not an issue for this court to decide. The only issue before this court is whether defendant has a right to dismiss its notice of removal. 28 U.S.C. § 1446(d) states that removal becomes effective upon (1) filing a notice of removal in federal court, (2) giving written notice thereof to all adverse parties, and (3) filing a copy of the notice with the clerk of the state court. The better reasoned authorities hold that all three steps are required in order to complete the removal process and divest the state court of jurisdiction. E.g., Hampton v. Union Pacific Railroad Co., 81 F. Supp. 2d 703, 706-707 (E.D. Tex. 1999). One prominent treatise explains:

> . . . Some cases hold that removal is effective from the time the notice of removal is filed with the federal court, and that the later completion of the other steps operates to vest subject-matter jurisdiction in the federal court as of the earlier date. However, it seems unfair to hold that a state court can be stripped of its jurisdiction even though it has not received notice of removal. As noted in a

-2-

> distinguished study of federal jurisdiction: "It is
> unseemly to have state courts passing on matters, only
> to learn later that they have no jurisdiction."
>
> Accordingly, the sounder rule, and the one most
> consistent with the language of Section 1446(d) of
> Title 28, is that removal is not effective until the
> defendant has taken all the steps required by the
> federal statute.

14C <u>Charles Alan Wright</u>, <u>Arthur R. Miller</u>, and <u>Edward H. Cooper</u>,

<u>Federal Practice and Procedure</u> § 3736 at pp. 676–677 (2009).

Because defendant has not filed a notice of removal with the state court, the court concludes that this action has not been properly removed to federal court.   Since plaintiff presents no other reason why defendant should not be allowed to dismiss its notice of removal, defendant's Motion to Dismiss Defendant's Notice of Removal (Docket Entry No. 2) is **GRANTED**.

Although defendant argues that this court should also dismiss this action, the court concludes that the proper relief upon the dismissal of a notice of removal is to remand the case to state court.   This court has made no finding as to the effect of defendant's now withdrawn removal on the state court's summary judgment.   That is a question to be addressed by the state court. Accordingly, the action is **REMANDED** to the 270th Judicial District

Court of Harris County, Texas.   The clerk of this court will promptly provide a copy of this Memorandum Opinion and Order to the District Clerk of Harris County, Texas.

**SIGNED** at Houston, Texas, on this 7th day of July, 2010.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE